# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Cohrs, Allen; Allen Cohrs Farms

**(b)** County of Residence of First Listed Plaintiff: Hidalgo County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David Casso, Flores & Casso, 108 N. Jackson Rd. Ste 2
Edinburg, TX 78541, 956-383-5000

### DEFENDANTS
Federal Crop Insurance Corporation; Risk Management Agency of USDA; Tom Vilsack, Secretary of the USDA

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [x] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
7 U.S.C. § 6999; 7 U.S.C. § 1501 et seq.; 5 U.S.C § 551 et seq.; 28 U.S.C. § 2201

Brief description of cause:
Judicial Review of Final Agency Determination

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Declaratory Judgment

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Hon. Joe Ramirez- 464th Judicial District Court
DOCKET NUMBER: C-2368-21-L Hidalgo County

DATE: Apr 11, 2023
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF TEXAS McALLEN DIVISION

| | | |
|---|---|---|
| Allen Cohrs/Allen Cohrs Farms | § | |
| Plaintiff | § | |
| V. | § | |
| Federal Crop Insurance Corporation; Risk Management Agency of the United States Department of Agriculture; and Tom Vilsack, Secretary of the USDA | § | CIVIL ACTION NO.: |
| Defendants | § | |

**COMPLAINT FOR JUDICIAL REVIEW
AND FOR DECLARATORY JUDGMENT**

COMES NOW Allen Cohrs/Allen Cohrs Farms, hereafter "Cohrs" or "Plaintiff", and for its Complaint against the Federal Crop Insurance Corporation, the Risk Management Agency of the United States Department of Agriculture, and Tom Vilsack, Secretary of the USDA states and alleges as follows:

I. INTRODUCTION

1. This action is a request for judicial review pursuant to 7 U.S.C. § 6999 from a Director Review Determination of the National Appeals Division of the office of the Secretary of the United States Department of Agriculture in Case No. 2021W000318

1

dated April 12, 2022, whereby the Division and Director upheld an adverse decision and interpretation rendered by the Defendants against Plaintiff. This Determination is attached as Exhibit A. This action is also brought pursuant to the Federal Crop Insurance Act (FCIA), 7 U.S.C. § 1501, *et seq.*; the Administrative Procedure Act (APA), 5 U.S.C. § 551, *et seq.*; and the Declaratory Judgments Act (DJA), 28 U.S.C. §2201, *et seq.*

2. This dispute arises from the Defendants' partial denial of a 2017 onion crop insurance claim submitted by Cohrs for onions planted in Hidalgo County, Texas. Cohrs was insured by AgriLogic Insurance Services, LLC, an approved insurance provider of Defendants, for only the 2016 and 2017 crop years. The Defendants in turn reinsured AgriLogic pursuant to the Federal Crop Insurance Act. 7 U.S.C. § 1501, *et seq.* The insurance policy provisions at issue in this case are contained in the Common Crop Insurance Policy, attached as Exhibit B; the Onion Provisions, attached as Exhibit C; and the Special Provisions for Hidalgo County, Texas Onions, attached as Exhibit D. Collectively, these provisions provided Cohrs with continuous crop insurance policy coverage for each crop year until cancellation of the coverage.

3. The specific dispute here concerns whether prevented planted acreage can be used for purposes of determining a farmer's production guarantee and, therefore, their total acreage eligibility for crop insurance. For the 2016 crop year and prior crop years, prevented planted acreage was used in determining Cohrs' production guarantee and his total acreage eligibility, and his claim was paid accordingly. Despite the language from the

Common Crop Insurance Policy, the Onion Provisions, and the Special Provisions for Hidalgo County remaining the same at all material times, Defendants determined in 2017, for the first time, that prevented planted acreage should not be used in determining Cohrs' total acreage eligibility. The Defendants and AgriLogic improperly denied a portion of Cohrs' 2017 onion crop indemnity which was owed by Defendants in accordance with the same policy provisions that allowed full indemnity to Cohrs in 2016, the prior crop year. The Defendants' denial was based on a policy interpretation requested of them in 2021 and made by them for the 2018 crop year, a year in which Cohrs no longer had crop insurance with AgriLogic.

4. Cohrs requests a Declaratory Judgment by this Court that the Defendants' partial denial of his claimed 2017 crop insurance indemnity was in error; was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; and was unsupported by substantial evidence. He further requests a finding that the Defendants' rendition of its interpretation in his case was in excess of statutory jurisdiction, authority or limitations, and was done without observance of procedure as required by law, and should therefore be set aside. The authority of the Defendants to issue an interpretation is only that authority specifically given by Congress and approved by the USDA in the applicable CFRs. Cohrs specifically requests that this Court render a finding that the interpretation issued by Defendants is incorrect and/or was improvidently issued, and that said interpretation be set aside.

3

## II. PARTIES

5. Plaintiff Allen Cohrs/Allen Cohrs Farms is a farmer who farmed land located in Hidalgo County Texas and is an individual that is a resident of the state of Texas.

6. Defendant Federal Crop Insurance Corporation ("FCIC"), is a corporation of the United States of America, created under The Federal Crop Insurance Act, 7 U.S.C. § 1501, *et seq*. ("the Act") and organized within the United States Department of Agriculture (USDA) to carry out the purposes of the Act.

7. Defendant Risk Management Agency ("RMA") is an agency of the United States Department of Agriculture created under 7 U.S.C. § 6933. The RMA supervises the FCIC and administers and oversees all aspects of all programs authorized under the Act. The RMA ensures that the federal crop insurance program is administered in accordance with the Act.

8. Defendant Tom Vilsack is the Secretary of the United States Department of Agriculture (USDA), and he oversees the USDA's administration of federal farm programs. He is sued in his official capacity only.

9. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, Plaintiff Cohrs advises the Court that his insurance carrier for the 2017 crop year in question was AgriLogic Insurance Services, LLC, and that entity is involved in related litigation as a defendant in Cause No. C-2368-21-L, now pending in the 464th Judicial District Court of Hidalgo County, Texas. LR 5.2.

4

10. Summonses are requested, and service will be made as follows:

a). By delivering a copy of the summons and of the complaint by registered or certified mail to the United States Attorney for the Southern District of Texas; Alamdar S. Hamdani, 1000 Louisiana Street, Ste. 2300, Houston, Texas 77002.

b). By sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States; Merrick B. Garland, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001.

c). By sending a copy of the summons and of the complaint by registered or certified mail to the Federal Crop Insurance Corporation, by serving Marcia Bunger, RMA Administrator, USDA/RMA, Room 6092- South Building, 1400 Independence Avenue, SW, Washington, DC 20250.

d). By sending a copy of the summons and of the complaint by registered or certified mail to the Risk Management Agency of the United States Department of Agriculture, by serving Marcia Bunger, RMA Administrator, USDA/RMA, Room 6092- South Building, 1400 Independence Avenue SW, Washington, DC 20250.

e). By sending a copy of the summons and of the complaint by registered or certified mail to Tom Vilsack, Secretary of the United States Department of Agriculture, 1400 Independence Avenue, SW, Washington, DC 20250.

### III. JURISDICTION AND VENUE

11. Federal jurisdiction in a United States District Court is proper because:

a). 7 U.S.C. § 6999 provides for judicial review of final determinations by the

National Appeals Division; b). 5 U.S.C. § 701 *et seq.* provides for judicial review of agency action; c). 28 U.S.C. § 2201, *et seq.* provides that the Court may declare the rights and other legal relations of these parties; and d). 28 U.S.C. § 1331 provides federal question jurisdiction.

12. Venue is proper in this district under 7 C.F.R. § 457.8 subpart 20, requiring a suit to be brought in the United States District Court for the district in which the insured acreage is located. Venue in this district is also proper under 28 U.S.C. § 1391(e)(1)(B), 28 U.S.C. § 1391 (b) (2) and 5 U.S.C. § 703 because all of the property that is the subject of this claim is situated in this district and specifically in Hidalgo County, Texas.

## IV. CONDITIONS PRECEDENT

13. All conditions precedent have been performed or have occurred. All administrative remedies that are, or may be, a prerequisite to this suit for judicial review and for declaratory judgment have been exhausted prior to the filing of this lawsuit. 7 U.S.C. § 6912(e). The plaintiff has obtained final agency interpretation from the Defendants and the National Appeals Division of USDA prior to seeking judicial review.

## V. FACTUAL BACKGROUND

14. An arbitration hearing took place with Cohrs as claimant and AgriLogic as respondent on October 6, 2020. Three days later on October 9, 2020, the arbitrator stated in writing to the parties his belief that an interpretation from RMA was needed. The request for such an interpretation was first submitted to RMA by the

arbitrator on May 7, 2021, 213 days after the issue first arose. This initial request for interpretation was rejected by RMA. The arbitrator submitted a second request for interpretation on May 6, 2021, a period of 232 days after the issue first arose at the arbitration hearing. It is this request that RMA ultimately acted upon in rendering its interpretation that is the subject of this suit for judicial review.

15. The rules and criteria for obtaining an interpretation by RMA are codified in the Code of Federal Regulationsa. *7 CFR Part 400, Subpart X.* Those regulations must be followed "since they have been held to have the force of law." *Byrne v. Federal Crop Ins. Corp.*, 289 F. Supp. 873, 874 (D. Minn. 1968); *Felder v. Federal Crop Ins. Corp.*, 146 F. 2d 638, 641 (4th Cir. 1944). It is undisputed that the subject interpretation was not requested at least ninety (90) days before the arbitration hearing in this case as required by 7 CFR § 400.767(b)(3). There is an exception to this requirement- a safety valve provision- that allows an arbitrator to nevertheless request an interpretation if an issue arises during arbitration, so long as the request is made promptly. *7 CFR § 400.767.(b)(3)(iii) ("arbitrator...must promptly request" an interpretation).* The passage of either of the periods of time stated above -213 or 232 days- does not amount to a prompt request within the meaning of the pertinent regulation.

16. 7 CFR Part 400, Subpart X contains the pertinent regulations that the RMA must follow when an interpretation is requested. The plain language of those regulations provides that an interpretation may be provided for policy disputes during the four (4) most recent crop years from the crop year in which the request is submitted. *7 CFR § 400.766(a)(1) ("For example, for a request received in the 2014 crop year, FCIC will consider requests for the 2014, 2013, 2012, and 2011 crop*

7

*years."*). The dates that the arbitrator submitted both requests for interpretation to RMA were in May of 2021, dates in onion crop year 2021. An application of the pertinent regulation to the facts in this case shows that RMA only had authority to provide an interpretation for the 2021, 2020, 2019 and 2018 crop years. *7 CFR § 400.766(a)(1).*

17. From time to time, the Defendants issue final agency determinations or interpretations. A final agency determination (FAD) is a matter of general program applicability, and those determinations are final and binding on all crop insurance program participants. An interpretation is one of a policy provision not codified in the Code of Federal Regulations or any procedure used in the administration of the federal crop insurance program. Interpretations are only applicable to the parties in the dispute.

18. Specific to this case, the Defendants rendered an interpretation that is the subject of this suit for judicial review. In that interpretation, the Defendants cite to Final Agency Determination 279 as a basis for supporting their issuance of an interpretation in this case despite the requests for interpretation being outside the time period for which an interpretation could be given. Inasmuch as FAD 279 is used by Defendants to justify their actions in this case, Cohrs contests the validity of FAD 279 as it is applied to him by the Defendants. The agency action approved in FAD 279 is erroneous and not in accordance with law. Further, FAD 279 was issued without statutory jurisdiction or appropriate authority from the enabling regulations, and as applied to Cohrs was done without due regard to his procedural rights under the pertinent regulations.

19. The crop year for which the defendants issued their interpretation in the Cohrs case was the 2018 crop year. Cohrs had no crop insurance relationship with AgriLogic in 2018, his last year with said carrier being the 2017 crop year in question. As such, there is no case or controversy between Cohrs and AgriLogic or any of the Defendants in this case for that year. Cohrs asserts that justiciability is lacking generally, and asserts that the issuance by the Defendants of an interpretation for the 2018 crop year was a prohibited advisory opinion, was done where the parties lack standing for that crop year, and was done where no disagreement concerning the 2018 crop year existed, thus making such interpretation moot. The Defendants are limited by their enabling statutes and regulations to answer questions regarding whom they may hear and what disputes they may determine. The Defendants wholly failed to adhere to these principles, and their issuance of an interpretation in this case amounts to an unlawful exercise of authority that the provisions of 7 CFR Part 400 Subpart X, simply do not authorize.

20. Regarding the substance of the interpretation issued by the Defendants, prevented planted acres should be included in the production guarantee determination because such acreage must be verified by an Approved Insurance Provider (AIP) during the claims process, by the Farm Service Agency (FSA), or by the Extension Service (ES). Any loss alleged by a farmer in a prevented planted claim must be verified by an AIP, the FSA or the ES before the claim is approved. In all other aspects of crop insurance, prevented planted acres are treated as planted acres. The farmer's effort and willingness to plant, but eventual inability to do so, support the proposition that prevented planted acreage should be counted in the production guarantee determination. The requirement in the Special Provisions that

9

prevented planted acreage be actually verified simply makes no sense if prevented planted acres were not intended to be included in the production guarantee. Acreage that is actually planted appears on Annual Production History (APH) reports, whereas prevented planted acres do not. The only way to establish acreage as prevented planted acreage is to obtain verification thereof from an AIP, the FSA or the ES. These facts support the conclusion that prevented planted acres were meant to be included in the production guarantee determination. Otherwise, the requirement in the Special Provisions for verification of such acreage is superfluous.

21. Additionally, the term "produced" from the phrase in the Special Provisions "greatest number of acres of insurable onion types that you produced in this county..." is not defined. If "produced" is meant to mean onions that were planted and eventually harvested, then an onion crop that was planted and grown, but which was zeroed out in the claims process for whatever reason, would result in a "no acre year" the same as a prevented planted year would generate a "no acre year" regarding the production guarantee since no onions were actually harvested. This is not sound public or agricultural policy. The interpretation of the language in question given by the Defendants could actually encourage farmers to not plant a crop and instead file a Prevented Planted claim, while restricting coverage to farmers who actually do plant a crop. It is not sound public policy for a farmer's crop insurance acreage eligibility for prevented planted coverage to potentially exceed their eligibility for planted coverage. To reduce a farmer's production guarantee who is actually attempting to grow a crop while potentially encouraging other farmers who are not even planting to make prevented planted claims is antithetical to the spirit of the crop insurance program in the United States and is contrary to sound public policy.

## VI. CAUSES OF ACTION- JUDICIAL REVIEW

22. Plaintiff Cohrs now asserts his causes of action for judicial review and in support thereof restates, realleges, and incorporates by reference each and every allegation set forth in the preceding paragraphs.

### A. No prompt Request for Interpretation

23. The Administrative Procedure Act (APA) entitles a peron suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, to judicial review of the agency action. 5 U.S.C. § 701, *et seq.* The APA authorizes this Court to "set aside agency action, findings, and conclusions found to be:

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

. . .

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law; and

(E) unsupported by substantial evidence . . . ." *5 U.S.C. § 706.*

24. The final decision of the Defendants that the request for an interpretation of policy provisions made by the arbitrator was prompt within the meaning of the pertinent regulations is in violation of the provisions of the APA cited above. As such, the interpretation issued by the Defendants should be set aside.

### B. Alternatively, the Defendants Had No Authority to Issue an Interpretation for Either the 2017 or 2018 Crop Year

25. The Administrative Procedure Act (APA) entitles a person suffering a legal

11

wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, to judicial review of the agency action. 5 U.S.C. § 701, *et seq*. The APA authorizes this Court to "set aside agency action, findings, and conclusions found to be:

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

. . .

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law; and

(E) unsupported by substantial evidence . . . ." *5 U.S.C. § 706*.

26. The final decision of the Defendants that it was under permissible under its regulations to issue an interpretation for the 2018 crop year which could be applied to the 2017 policy at issue in this case is in violation of the provisions of the APA cited above. As such, the interpretation issued by the Defendants should be set aside, and, if necessary, FAD 279 should also be set aside as ultra vires.

**C. Alternatively, the Special Provisions of Insurance for Hidalgo County Onions Were Misinterpreted.**

27. The Administrative Procedure Act (APA) entitles a person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, to judicial review of the agency action. 5 U.S.C. § 701, *et seq*. The APA authorizes this Court to "set aside agency action, findings, and conclusions found to be:

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law;

. . .

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law; and

(E) unsupported by substantial evidence . . . ." 5 U.S.C. § 706.

28. The final decision of the Defendants that the Special Provisions of Insurance for Hidalgo County onions require that only acreage actually planted with onions be counted in determining the production guarantee of Cohrs, and that acreage that was prevented from being planting be excluded from such determination, is in violation of the provisions of the APA cited above. As applied to Cohrs, such result is also manifestly inequitable when prevented planted acreage was included in his production guarantee for many crop years before 2017. As such, the interpretation issued by Defendants should be set aside.

### VII. CAUSE OF ACTION- DECLARATORY JUDGMENT

29. Plaintiff Cohrs now asserts his cause of action for declaratory judgement and in support thereof restates, realleges, and incorporates by reference each and every allegation set forth in the preceding paragraphs.

30. An actual controversy has arisen and now exists between the Plaintiff and the Defendants concerning their respective rights and duties under the relevant crop insurance policy and applicable statutes and regulations. The Plaintiff contends that the Defendants were not authorized to issue an interpretation in his case by the pertinent regulations (7 C.F.R. § 400. 765, *et seq*.), and that their issuance is violative of the APA ( 5 U.S.C. § 706).

31. The Plaintiff requests a judicial determination of the rights and duties of the Parties relevant to the aforementioned provisions and applicable regulations as well as a declaration from the Court as to the parties' rights and duties relative to same.

32. This case is justiciable because of the Defendants' failure to comply with the applicable law regarding the interpretation of crop insurance policy provisions pursuant to the guiding Federal Law. Defendants' action in issuing an interpretation in Plaintiff's crop insurance claim is a final agency action that has caused and will continue to cause immediate and concrete injury to the Plaintiff. The Plaintiff is presently injured by the Adverse Determination by Defendants. A declaratory judgement is necessary and appropriate at this time.

33. This Court should render a declaratory judgment declaring that the final determination and interpretation of the policy provisions made by the Defendants in this case is in violation of the Defendants' own regulations (7 C.F.R. § 400. 765, *et seq.*), and therefore is in violation of the APA (5 U.S.C. § 706) and should be set aside.

## VIII. PRAYER FOR RELIEF

34. Plaintiff Cohrs respectfully requests that this Court set aside the interpretation issued by the Defendants in his case.

WHEREFORE, Plaintiff Cohrs prays for Judgment as follows:

a). An Order setting aside the interpretation issued by the Defendants because such interpretation was not promptly requested by the arbitrator;

b). An Order setting aside the interpretation issued by the Defendants because the most recent relevant crop year was 2017 and the interpretation issued was for 2018;

c). An Order setting aside the interpretation issued by the Defendants because

said interpretation failed to authorize the inclusion of prevented planted acreage from his production guarantee as had been done for many years before 2017;

d). A Declaratory Judgment that the Defendants' interpretation was issued in violation of the Defendants' own regulations, and further that the interpretation is violative of the APA.

e). An award of attorneys fees, expenses and costs; and

f). All other and further relief to which Plaintiff Cohrs may show himself justly entitled to receive.

DATED: April 11, 2023.

Respectfully submitted,

David Casso
Attorney-in Charge
State Bar No. 03980250
SD of Texas No. 8967

108 North Jackson Rd.
Suite 2
Edinburg, TX 78541

Tel: 956 383 5000
Fax: 956 383 5007
E-mail: florescasso@gmail.com
cassodavid@gmail.com

15